16 F.3d 419
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 JOHN R. STEWART, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 93-3420.
 United States Court of Appeals, Federal Circuit.
 Nov. 4, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Department of Defense moves to dismiss John R. Stewart's petition for review as untimely. Stewart opposes.
 
 
 2
 On April 16, 1993, the Merit Systems Protection Board issued a final order in Stewart's case. The order specifically set forth Stewart's appeal rights and the time requirements thereof. Stewart's counsel received the Board's order on April 20, 1993. Pursuant to 5 U.S.C. Sec. 7703(b)(1), any petition to this court for review of the Board's order was due on May 20, 1993, "within 30 days after the date the petitioner received notice of the final order or decision of the Board." Stewart did not file a petition for review within that time.[1] Instead, on June 17, 1993, Stewart petitioned the United States Court of Appeals for the Tenth Circuit for review of the Board's April 16, 1993 order. The Tenth Circuit then transferred the case to this court.
 
 
 3
 Stewart argues that the Board's May 27, 1993 letter was a "final order" and that his time to petition for review to this court should run from that date. We disagree. Neither the statute nor the regulation cited by Stewart provides for post-decision motions to reconsider or reopen.[2] Nor is there a statute or regulation that provides for appeal beyond the 30-day period even if a post-decision motion is filed. Stewart may not extend the statutory time for petitioning this court for review by filing a request to reopen at the Board. The 30-day appeal time from the Board is "statutory, mandatory, jurisdictional" and cannot be waived by this court. Monzo v. Department of Transportation, Federal Aviation Admin., 735 F.2d 1335, 1336 (Fed.Cir.1984).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Department of Defense's motion to dismiss is granted.
 
 
 6
 (2) Each side shall bear its own costs.
 
 
 
 [1]
 Stewart states that he filed a request to reopen his case with the Board on May 24, 1993. In a letter dated May 27, 1993, the Clerk of the Board informed Stewart that the Board has no provisions for reopening cases
 
 
 [2]
 Further, even if such motions are allowed, Stewart states in his petition for review that he seeks review of the Board's April 16, 1993 order, that is, the merits of the case, not the denial of reopening